**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MANOJ PUN,

*Petitioner*,

v.

LUIS SOTO, *et al.*,

*Respondents*.

Civil Action No. 26-cv-07824

**ORDER**

**WILLIAMS, District Judge**

The Court having reviewed Petitioner Manoj Pun's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), Petitioner's Motion for an Order to Show Cause (ECF No. 2), the Court's July 1, 2026 Text Order directing Respondents to show cause why the Petition should not be granted (ECF No. 4), Respondents' Response to the Petition and accompanying exhibits (ECF No. 6), and Petitioner's July 8, 2026 submission (ECF No. 8); and for the reasons set forth herein;

**IT IS** on this 9th day of July, 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **GRANTED IN PART** as set forth below.

Petitioner is a native and citizen of Nepal who entered the United States in 2014. (ECF No. 1 ¶ 18.) According to Respondents' submissions, Petitioner was placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1), and an Immigration Judge affirmed the asylum officer's negative credible fear determination on May 9, 2014. (ECF No. 6 at 1, Ex. B.) Petitioner

was thereafter released from immigration custody pursuant to an Order of Supervision ("OSUP") on or about October 24, 2014. (ECF No. 6 at 2, Ex. C.) Petitioner alleges that he complied with the terms of his supervision for more than a decade before being detained by Immigration and Customs Enforcement ("ICE") during a scheduled check-in on June 24, 2026, at which time his OSUP was revoked. (ECF No. 1 ¶¶ 20-21.)

Petitioner initially challenged his detention on the ground that Respondents revoked his OSUP without complying with applicable regulatory requirements. (*Id.* ¶¶ 3, 22-23.) The Court issued an Order to Show Cause directing Respondents to address that claim. (ECF No. 4.) Respondents thereafter submitted documentation reflecting the revocation of Petitioner's OSUP, the stated basis for revocation, and an informal interview following Petitioner's return to custody. (ECF No. 6 at 3-4, Exs. C-E.)

Petitioner attempts to analogize his circumstances to those presented in *V.S.P.H. v. Soto*, No. 25-18835, 2026 WL 371162 (D.N.J. Feb. 10, 2026), where the court granted habeas relief after finding that the Government failed to produce evidence that it had properly revoked the petitioner's Order of Supervision or established a basis for his return to custody. (ECF No. 8 at 1-2.) Unlike *V.S.P.H.*, however, Respondents here have submitted evidence that DHS invoked the regulatory revocation procedures set forth in 8 C.F.R. § 241.13(i). (ECF No. 6 at 3-4, Exs. C-E.) Accordingly, Petitioner has not demonstrated, on the present record, that Respondents failed to comply with the procedures governing revocation of his OSUP.

The Court nevertheless must address the separate question of the statutory authority governing Petitioner's present detention. The existence of a final removal order does not, standing alone, resolve whether a subsequent period of detention following years of release into the community is governed by 8 U.S.C. § 1225(b)(1), 8 U.S.C. § 1226(a), or another statutory

provision. See *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (recognizing separate detention authorities under the Immigration and Nationality Act).

Here, Respondents contend that Petitioner remains detained pursuant to the mandatory detention provisions applicable to expedited removal orders under 8 U.S.C. § 1225(b)(1). (ECF No. 6.) Petitioner, however, was released from immigration custody in 2014 and remained at liberty under an OSUP for approximately twelve years before DHS exercised its authority to return him to custody. (ECF No. 1 ¶¶ 19-21; ECF No. 6 at 1-2, Ex. C.) The Court concludes that Petitioner's present detention, following DHS's decision to revoke his OSUP and re-detain him during an interior ICE check-in, is governed by 8 U.S.C. § 1226(a), which requires an individualized custody determination.

The Court emphasizes that this conclusion does not disturb the validity or finality of Petitioner's underlying removal order. Rather, the Court distinguishes between the existence of a final order of removal and the statutory authority supporting Petitioner's present physical detention. See *German Santos*, 965 F.3d at 210–12 (recognizing that immigration detention is governed by separate statutory provisions and that the legality of continued detention must be assessed under the authority permitting custody, independent of the underlying removal proceedings). Petitioner's challenge concerns the legality of his current custody, not the merits of his removal proceedings.

Where detention is authorized under § 1226(a), the appropriate remedy is an individualized bond hearing before an Immigration Judge. See *Borbot v. Warden Hudson County Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (recognizing the availability of custody redetermination proceedings under § 1226(a)).

Accordingly, it is hereby

**ORDERED** that Respondents shall provide Petitioner with an individualized custody redetermination hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the entry of this Order; and it is further

**ORDERED** that, within three (3) days after completion of the custody redetermination hearing, Respondents shall file a letter advising the Court of the outcome; and it is further

**ORDERED** that the Clerk shall terminate Petitioner's Motion for an Order to Show Cause (ECF No. 2) as moot.

**Hon. Karen M. Williams,**
**United States District Judge**